The deposition of the notary states that letters addressed to the defendants, giving them notice of the dishonor of the bill, were by him put into the postoffice in due time. I can not see the necessity of requiring the plaintiff, as a prerequisite to reading that deposition, to prove notice to the defendants to produce those letters. It was unanimously held by the Supreme Court of the United States, in Lindenbergerv. Beall, 6 Wheat., 104, the evidence of the letter containing (72) notice, put into the postoffice, directed to the defendant at his place of residence, was sufficient proof of the notice to be left to the jury, and that it was unnecessary to give notice to the defendant to produce the letter before parol evidence could be admitted. Such evidence is only indispensable when the plaintiff would be bound to produce a copy of the letter which he had not in his possession; it would then be, of course, to give notice to produce the letter before parol evidence of its contents could be received, as seems to have been held inKine v. Beaumont, 3 Br. Bing., 288; 7 Serg. Low, 440. So it is necessary to give notice to produce any instrument in the possession of the opposite party before parol evidence of its contents can be admitted. But if it is of course to give such evidence, why give notice? If in this case the defendant received the letter it informed him if the money was not paid of an approaching suit; and he had it in his power to produce it without notice, if it would serve his purpose to show a defect in the notice to him of the dishonor of the bill. If he had not received it the plaintiff is not placed in a worse situation on that account. He may *Page 48 
still prove that it was put into the postoffice, and go on trial upon that proof.
The question in this case really is, ought the plaintiff to be permitted to give parol evidence of the contents of the letter? If he has the right, notice to produce it is unnecessary. If he has not, but ought either to produce a copy or give notice to produce the original, notice is indispensable. The affirmative of the proposition has been held by the Supreme Court of the United States, as before observed. Of course in this case the judgment of the Superior Court must be affirmed.
PER CURIAM. No Error.
(73)